|  |  |
|---|---|
| EMELIN BRAVO, a minor by and through her guardian ad litem; BLANCA RIVERA; BLANCA RIVERA; and ROGELIO BRAVO, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 1:14-cv-01004-AWI-JLT<br><br><br>ORDER APPROVING COMPROMISE OF CLAIM OF MINOR<br><br>(Doc. No. 46) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On May 19, 2016, plaintiffs Emelin Bravo by and through her guardian ad litem Blanca Rivera, and Blanca Rivera and Rogelio Bravo, individually, filed the instant petition for approval of compromise of claim of minor. (Doc. No. 46.) The government filed a response. (Doc. No. 48.) Thereafter, at the request of the court, plaintiff filed as an exhibit the written stipulation for compromise settlement entered by the parties. (Doc. No. 50.) Finally, on June 20, 2016, plaintiffs' counsel submitted an amended proposed order with exhibits setting forth the breakdown of disbursements under the proposed settlement including the final lien calculation. (Doc. No. 52) The motion was heard on June 21, 2016. Counsel Carl McMahan appeared telephonically for plaintiffs and Assistant United States Attorney Jeffrey Lodge appeared on behalf of defendant. (*Id.*)

After reviewing the petition and terms of the written settlement agreement, the court finds that the proposed settlement agreement is fair and reasonable. The court therefore will approve the written settlement agreement and grants the petition for approval of compromise of claim of minor.

## I. BACKGROUND

Plaintiffs Emelin Bravo, Blanca Rivera, Rogelio Bravo filed the complaint in this action on June 26, 2014. (Doc. No. 1.) The complaint alleges medical malpractice claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671 and alleges damages for medical negligence arising from the care and treatment of plaintiff Blanca Rivera during her prenatal, labor and delivery of minor plaintiff Emelin Bravo at a federally supported community health center that has been deemed a Public Health Service employee for purposes of the FTCA . (*Id.*) During labor and delivery, minor plaintiff Emelin Bravo suffered a right brachial plexus paralysis (weakness of her right upper extremity), her mother Blanca Rivera suffered a separation of her symphysis pubis, which required surgery to repair, and the father Rogelio Bravo alleges he suffered emotional distress. (*Id.*) The government filed an answer to plaintiffs' complaint on September 30, 2014. (Doc. No. 5.)

On April 29, 2016, this case settled at a settlement conference before the assigned magistrate judge. (Doc. Nos. 44 and 45.)

**DISCUSSION**

*A. Legal Standard for Compromise of Minor's Claim*

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011)

/////

(quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

In *Robidoux*, the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id*. The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

### B. Terms of the Compromise Settlement

A global settlement offer to plaintiffs of $325,000 was accepted, which includes payment of attorney's fees and costs. (Doc. No. 50, at 2–3.) The settlement is inclusive of all claims against defendant and is intended to resolve this action in its entirety. (*Id*. at 1–2.) Plaintiffs and

3

1    their counsel have proposed the following disbursements from the settlement amount: 75% to
2    minor Emelin ($243,750) and 25% to the parents Blanca Rivera and Rogelio Bravo, collectively
3    for their injuries ($81,250), before fees and costs.  (Doc. No. 46, at 4.)  Minor Emelin had Medi-
4    Cal lien of $93,489.05 that was negotiated down to $60, 961.77.  (Doc. No. 52-2.)  Plaintiffs'
5    counsel recorded costs associated with this litigation of $31,827.  (Doc. No. 46, at 3.)

6          The amended proposed order submitted by plaintiffs' counsel reflects that they are
7    seeking an award of attorney's fees at 25 % ($81,250) of the settlement sum.  (Doc. No. 52.)  This
8    was confirmed at the hearing on the motion.  The court agrees that the attorney's fees here are
9    properly capped at 25%.  *See Brewington v. United States*, No. CV-13-07672-DMG (CWx), 2015
10   WL 4511296, at *7 (C.D. Cal. July 24, 2015) (MICRA applies to medical malpractice cases in
11   California brought under the FTCA, but "[a]ttorney's fees are limited to a maximum of 25% of
12   any recovery.  28 U.S.C. § 2678.")

13         Thus, after deducting attorney's fees and costs from the plaintiffs' settlement sums and
14   after deducting the final lien amount from minor Emelin's share, the net disbursement to minor
15   Emelin is $97,980.48 and the net disbursement to the parents Blanca Rivera and Rogelio Bravo is
16   $52,980.75.  (Doc. No. 52-1.)

17         The petition sets forth that Emelin is a minor child and is currently three and a half years
18   old.  (Doc. No. 46, at 4.)  Blanca Rivera is the guardian ad litem for Emelin.  (*Id*.)  The petition
19   presents the facts and circumstances of the case and indicates the manner in which the settlement
20   was reached.  (*Id*. at 4–5.)  The court must thus determine whether the amounts allocated for the
21   minor plaintiff is reasonable and fair.

22         *C.  The Reasonableness and Fairness of the Settlement Amount*

23         In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a
24   minor's claim to examine the fairness and reasonableness of the net settlement amount in view of
25   the facts of the case, the minor's specific claim, and the recovery in similar cases.  *Robidoux*, 638
26   F.3d at 1181–82.

27         Here, plaintiffs filed this action in the middle of 2014, and the facts of the case have been
28   thoroughly investigated and developed over the course of the litigation.  The settlement

4

agreement was reached after the conclusion discovery and after defendant had filed a motion for summary judgment, but before the court had ruled on that motion. (Doc. Nos. 30, 41, and 44.) The parties engaged in a successful settlement conference with the assigned magistrate judge. (Doc. Nos. 44 and 45.) The settlement conference occurred on April 29, 2016, the case settled, and the key terms of that agreement were placed on the record. (*Id.*) Settling the claims at this stage of the litigation allows for certainty of recovery for the minor plaintiff, as opposed to uncertainty related to defendant's dispositive motion or an unfavorable verdict at trial. The declaration of attorney Carl McMahan establishes that there is a Medi-Cal lien originally totaling $92,722.30 associated with services and care provided to the minor Emelin. (Doc. No. 46, at 7.) Plaintiffs' counsel negotiated this lien for the minor's benefit down to $60,961.77. (Doc. No. 52-2.) After reviewing the facts of this case, the court finds the settlement amount allocated to the minor, Emelin, to be fair and reasonable, and the proportions allocated adequately reflect the nature of each plaintiffs' claims.

After deduction of the final Medi-Cal lien, the net recovery to the minor Emelin ($97,980.48) shall be placed into a blocked account at a federally insured financial institution for her benefit, to be disbursed when she reaches the age eighteen. No withdrawals of principal or interest may be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minor attains the age of eighteen years. *See* Local Rule 202(f). When the minor attains the age of eighteen years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor plaintiff, Emelin, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to escheat. Plaintiffs' attorney and the guardian ad litem shall deliver to the depository a copy of this order at the time of deposit.

## II. CONCLUSION

For the reasons set forth above,

1) The written settlement agreement (Doc. No. 50) is approved as fair and reasonable;

2) The court grants the petition for approval of compromise of claim of minor (Doc. No.

46);

3) The settlement amount of $325,000 shall be apportioned 75% to minor Emelin Bravo ($243,750) and 25% to Blanca Rivera and Rogelio Bravo, collectively ($81,250), before fees and costs;

4) Attorney's fees are capped at 25% ($81,250), as agreed upon by the parties in the written settlement agreement, and are granted in that amount by the court;

5) Costs advanced of $31,827 are granted;

6) After deduction of the final Medi-Cal lien, minor Emelin Bravo's net recovery ($97,980.48) shall be deposited into a blocked account at a federally insured bank or credit union;

7) Proof of deposit shall be provided to the court;

8) The settlement proceeds shall be transferred to minor Emelin Bravo's custody when she reaches the age of eighteen;

9) Plaintiffs' attorney and the guardian ad litem shall deliver to the depository a copy of this order at the time of deposit;

10) No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minor attains the age of eighteen years. When the minor plaintiff attains the age of eighteen years, the respective depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor plaintiff, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to escheat; and

11) The parties' final dismissal documents shall be filed with the court within thirty days of this order.

IT IS SO ORDERED.

Dated:  **June 21, 2016**                                              _____
                                                                                        UNITED STATES DISTRICT JUDGE